FILED
JUN 10 2022
FORREST COUNTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF FORREST COUNTY

KIMBERLY GILLIAM AND GREGORY BROOKS
WRONGFUL DEATH BENEFICIARIES OF
KENNETH BROOKS, JR., DECEASED          PLAINTIFFS

VERSUS                                 CAUSE NO. 22-98

KINDER MORGAN, INC.,
LUKE HEBERT,
and JOHN DOES 1-5                      DEFENDANTS

## COMPLAINT

### (JURY TRIAL DEMANDED)

COME NOW the Plaintiffs, KIMBERLY GILLIAM AND GREGORY BROOKS, THE WRONGFUL DEATH BENEFICIARIES OF KENNETH BROOKS, JR., DECEASED, by and through their attorney of record, R. JONATHAN FRANCO, and would file this their Complaint against the Defendants, KINDER MORGAN, INC. ("Kinder Morgan"), LUKE HEBERT and JOHN DOES 1-5, named herein, and would show unto the Court the following, to-wit:

### PARTIES

1. Plaintiff, KIMBERLY GILLIAM, is Kenneth Brooks Jr.'s daughter and thus a wrongful death beneficiary. She is a person of majority and a resident of Texas. Plaintiff GREGORY BROOKS is Kenneth Brook Jr.'s son and thus a wrongful death beneficiary. He is a person of majority and a resident of Oregon.

2. Defendant, LUKE HEBERT, is an adult resident of Abbeville, Louisiana, who may be served in the time and manner provided by law.

1

3. Defendant, LUKE HEBERT, at all times whereof complaint is made herein, was acting as an agent, servant or employee of the Defendant, KINDER MORGAN, and within the course and scope of such employment.

4. Defendant, KINDER MORGAN, is vicariously responsible for his acts of negligence and resulting damages under the doctrine of *respondeat superior*.

5. Defendant, KINDER MORGAN, is the owner and operator of the vehicle driven by Defendant, LUKE HEBERT.

6. KINDER MORGAN is domiciled in Delaware but doing business in Mississippi and may be served in the time and manner provided by law.

7. Defendants John Does 1 through 5 are entities affiliated with Defendants and/or have acted in concert with Defendants, and whose identities are currently unknown. All allegations and claims asserted herein against Defendants are incorporated herein by reference against John Does 1 through 5. Said John Does, when their identities are known, will be identified by name and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

## JURISDICTION AND VENUE

8. Plaintiffs would aver that personal and subject matter jurisdiction are proper before this court because the collision giving rise to the claim occurred in Forrest County, Mississippi.

## FACTUAL ALLEGATIONS

9. Plaintiffs would show that at or about 6:07 A.M. on **April 19, 2022,** in Forrest County, Mississippi, and at all times hereinafter mentioned, Kenneth Brooks, Jr., was driving a 2018 Toyota Corolla, and operating said vehicle, while in the right southbound lane of US 49.

10. As Plaintiff was crossing the intersection of MS 49 and MS 42, Defendant, Luke Hebert, was driving a 2018 Ford F-Series Pickup, while traveling North on MS 49.

11. Defendant attempted to make a left turn across MS 49 onto MS 42 and/or u-turn across MS 49 South and the front of Defendant's vehicle collided with the vehicle driven by Kenneth Brooks, Jr. resulting in the collision at issue. *See attached Police Report attached hereto as Exhibit A.*

## COUNT I-PLAINTIFFS' CLAIMS FOR RESPONDEAT SUPERIOR AGAINST KINDER MORGAN

12. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

13. Upon information and belief, Hebert was an employee or under a contract of hire with Kinder Morgan and was acting within the course and scope of his employment on behalf of Kinder Morgan at the time of the subject incident.

14. Any and all negligent acts of omissions of Defendant Hebert are directly imputed to Kinder Morgan, and Kinder Morgan is responsible or the injuries and damages resulting from Hebert's negligent acts and/or omissions under the doctrine of vicarious liability and respondent superior.

## COUNT II-PLAINTIFFS' CLAIMS FOR NEGLIGENT ENTRUSTMENT AGAINST KINDER MORGAN, INC.

15. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

16. Upon information and belief, Kinder Morgan was the owner of the vehicle driven by Defendant Hebert and at the time of the subject collision, Kinder Morgan contracted with and had knowledge of and consented to Hebert driving the truck.

17. Kinder Morgan was negligent in allowing Hebert to use the vehicle, and therefore, negligently entrusted the vehicle in his possession and custody for use.

3

18. The negligent entrustment of the vehicle to Hebert caused or contributed to the injuries suffered by Kenneth Brooks Jr and the Plaintiffs.

## COUNT III-PLAINTIFFS' CLAIMS AGAINST KINDER MORGAN FOR NEGLIGENT HIRING, NEGLIGENT TRAINING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION, AND IMPROPER VEHICLE MAINTENANCE & INSPECTION

19. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

20. Defendant Kinder Morgan had a duty to act reasonably in hiring, retaining, training and/or supervising Hebert and to promulgate and to enforce rules and regulations to ensure that drivers and vehicles which they own, or which operate on their behalf are reasonably safe.

21. Defendant Kinder Morgan further had a duty to maintain and inspect its vehicles or ensure that same are reasonably and properly maintained and inspected reasonably and properly.

22. Kinder Morgan failed and breached the above-mentioned duties and was therefore negligent and grossly negligent.

23. The negligence and gross negligence of Kinder Morgan was the direct and proximate cause of the collision at issue and of Kenneth Brooks Jr. and Plaintiffs' resulting injuries and damages.

## COUNT IV-PLAINTIFFS' CLAIMS FOR NEGLIGENCE AGAINST HEBERT

24. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

25. The aforesaid collision sued on herein was the fault of, and proximately caused by the negligence of Hebert in the following, non-exclusive respects

    a. In violating the Federal regulations inter alia and corresponding state regulations as they nonexclusively relate to hours of operation, out of service, condition of vehicle, condition of driver, qualification, training and experience;

b. In violating Miss. Code Ann §63-3-1201 in operating the vehicle with a willful and wanton disregard for the safety of persons or property;

c. In violating Miss. Code Ann §63-3-1213 in driving the vehicle in a careless or imprudent manner;

d. Miss. Code Ann §63-3-505 by failing to operate the vehicle at a reasonable rate of speed having due regard for the conditions present and the condition of the vehicle he was operating

e. By failing to see what should have been seen;

f. By failing to maintain reasonable and proper control of said vehicle;

g. By not following street light signals;

h. Failing to keep a proper lookout for others

i. Failing to keep proper and reasonable distance from Mr. Brooks' vehicle

j. Operating a commercial motor vehicle while fatigued

k. Operating a commercial motor vehicle while his ability and alertness was impaired

l. Operating a vehicle when he was not physically capable of safe operation, including having proper visual acuity

m. By failing to adequately and reasonably monitor the flow of traffic;

n. By Failing to slow or otherwise maneuver the vehicle so at to avoid colliding with the motor vehicle driven by Brooks;

o. Negligence in maintenance of the subject vehicle

p. In violating the Revised Statues of the State of Mississippi, all of which are pled as if copied herein in extenso; and

5

q. All other acts of negligence and/or gross negligence which were the cause of the collision sued upon and will be shown at the trial of this matter.

26. The above referenced negligence was the direct and proximate cause of the collision at issue and of Kenneth Brooks Jr. and Plaintiffs' resulting injuries and damages.

## COUNT V-PLAINTIFFS' CLAIMS FOR NEGLIGENCE *PER SE* AGAINST HEBERT

27. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

28. Hebert is liable to Plaintiffs for negligence *per se* because he :

   a. Violated the Federal regulations inter alia and corresponding state regulations as they nonexclusively relate to hours of operation, out of service, condition of vehicle, condition of driver, qualification, training and experience;

   b. Violated state and federal status and regulations, including but not limited to 49 CFR §350 to 399.

   c. Violated the ten (10) hour rule [395.3 (a)(1)]

   d. Violated the 70 hour rule [395.3 (a) (1)]

   e. Failed to properly inspect his commercial motor vehicle [396.13]

   f. Failed to complete and sign the require vehicle inspection reports [396.11]

   g. Failed to properly inspect cargo [329.9]

   h. Failed to properly secure cargo [393.102]

   i. Violated MCA §63-3-505; by failing to operate the vehicle at a reasonable rate of speed having due regard for the conditions present and the conditions of the vehicle he was operating

   j. Violated MCA §63-3-619 (1) by failing to have due regard to the speed of the vehicles and the traffic conditions at the time

6

k. Violated MCA §63-3-1201 by driving his vehicle in such a manner as to indicate either a willful or a wanton disregard for the safety or persons or property

l. Violated MCA §63-3-1213 by driving his vehicle in a careless or imprudent manner, without due regard for the traffic, width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances.

m. Violated Mississippi law by making a u-turn onto MS 49 at the intersection of MS 49 and MS42 and failing to yield to the right of way of Kenneth Brooks, JR who was traveling southbound on MS 49 and had the right of way.

29. The above referenced negligence was the direct and proximate cause of the collision at issue and of Kenneth Brooks Jr. and Plaintiffs' resulting injuries and damages.

## DAMAGES

30. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

31. Plaintiffs herein would make claims for all damages available under Mississippi Law, under counts of wrongful death and/or the survival statute, as well as all damages available under Mississippi law, jointly or alternatively, including but not limited to:

1. Defendants' actions and inactions demonstrate a conscious disregard for the right and safety of Kenneth Brooks Jr. and the general public. Therefore, Plaintiffs demand punitive damages against Defendants

2. any and all medical, hospital, doctor, and other related expenses incurred by Kenneth Brooks Jr. due to the subject incident

3. funeral expenses and other expenses associated with Kenneth Brooks Jr.'s death

4. damages to Kenneth Brooks, Jr.'s property

7

5. damages for Kenneth Brooks Jr.'s conscience pain and suffering from the time of the incident until his passing

6. the present net cash value of the life expectancy of Kenneth Brooks Jr

7. damages for Kenneth Brook Jr's past, present, and future loss of wage-earning capacity

8. damages for Kenneth Brook Jr's past, present, and future lost wages

9. the loss of military retirement benefits, social security benefits, and other fringe benefits over the life expectancy of Kenneth Brooks Jr.

10. Plaintiffs' past, present, and future loss of enjoyment of life

11. Plaintiffs' past, present, and future mental anguish and emotional distress

12. Plaintiffs' loss of maintenance

13. Plaintiffs' loss of companionship

14. Plaintiffs' loss of consortium

15. Plaintiffs' loss of society

and all other damages as may be awarded following a trial of this matter

**WHEREFORE**, your Plaintiffs pray that the Defendants be served with a copy of this Complaint and after being duly cited to appear and answer hereto and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs, and against Defendants as alleged, together with legal interest (pre and post judgment interest)and for all costs of these proceedings including expert witness fees to be taxed as costs of court and for all legal and equitable relief this honorable court shall deem appropriate.

Further, a **TRIAL BY JURY** is requested on all issues raised herein.

RESPECTFULLY SUBMITTED on this the 7th day of June, 2022.

KIMBERLY GILLIAM AND GREGORY BROOKS
BY: HAUG, FARRAR & FRANCO, PLLC

BY: _____
R. JONATHAN FRANCO

Prepared by:
R. Jonathan Franco, Esq.
MS Bar No. 104562
Haug, Farrar & Franco, PLLC
2336 Government Street
Ocean Springs, MS 39564
(228) 872-8752 Telephone
(877) 325-2747 Facsimile